[No. 16468. Department Two. September 26, 1921.]

PETER BANCROFT et al., Appellants, v. OLYMPIA COAL & MINING COMPANY et al., Respondents.[1]

CORPORATIONS (125, 128)—OFFICERS—ACQUIRING ADVERSE INTERESTS—DEALINGS WITH CORPORATION—STOCK HELD IN TRUST. An officer and stockholder in a mining corporation, who acquires an adjacent tract of land for mining purposes while acting in his own interest and not for the benefit of his corporation nor by the use of any of its funds, does not hold as trustee for his corporation, since there is no violation of any specific duty owed by him to it.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered October 11, 1920, upon granting a nonsuit, dismissing an action to establish a trust, tried to the court. Affirmed.

*Walter B. Allen,* for appellants.

*A. E. Rice* and *C. D. Cunningham,* for respondents.

MAIN, J.—The primary purpose of this action was to have certain corporate stock possessed by two or more of the defendants decreed to be held in trust. The action was tried to the court without a jury and resulted in a judgment of dismissal. The plaintiffs appeal.

The facts may be recited briefly as follows: Prior to the year 1917, the Freeborn Coal Company, a corporation, was operating a coal mine near the city of Centralia, in Lewis county. It became financially embarrassed, and in the process of liquidation the Olympia Coal Mining Company, a corporation, was organized and took over the assets of the Freeborn Company and assumed its liabilities. After this the Olympia company continued to operate the mine. The officers of the latter company were D. P. Damascus, president, H. Corapolis, secretary, and B. Codekas, treasurer.

[1]Reported in 200 Pac. 1081.

The foreman or superintendent of the mine was Peter Pergolios. For the purpose of securing funds to operate, the officers named, or some of them, together with the superintendent, entered upon a stock selling campaign, in pursuance of which the plaintiffs purchased and were, at the time of the institution of this action, owners of stock in the Olympia company. Early in the year 1918, the president of the Olympia company made application to the Milwaukee Land Company, a corporation, which owned a large tract of coal land adjacent to the mine, for a lease of additional land. At the same time Peter Pergolios made application for a lease of certain of these coal lands. The result was that the agent of the land company leased to the Olympia company a forty-acre tract and a larger tract to Pergolios individually. The Pergolios tract was on one side of a hill, and that leased to the Olympia company was on the opposite side. There was land between the two, and the respective distances between the mouths of the two mines after the Pergolios tract had been opened was approximately three-quarters of a mile. For the purpose of operating a coal mine under the Pergolios lease, the Victory Coal Mining Company, a corporation, was organized and the rights under the lease transferred to that company. The stock in the Victory company was owned by Pergolios, who owned approximately two-thirds, and by A. Flewllyn, the representative of the Milwaukee company through whom the negotiations for the lease were conducted and who is not a party to this action.

The theory of the action seems to be that Pergolios, in securing the lease from the land company, was acting in concert with the officers of the Olympia company and was violating a duty which he owed to that company. It is claimed by the appellants that, at the time they purchased the stock in the Olympia company, it

was represented to them that that company, through its officers or agents, would acquire a lease to a large tract of coal land from the land company and that it would be operated in connection with the then existing mine. It is this representation that is claimed not to have been carried out, and that by reason of that fact the stock of Pergolios in the Victory company is held by him in trust for the benefit of the Olympia company.

The evidence fails to show that any of the funds of the Olympia company went into the property of the Victory company, upon which had been expended, at the time of the institution of this action, approximately $30,000. From the evidence it cannot be concluded that Pergolios was acting in any other manner than in his individual interest. It is not shown that he held the stock in the Victory company for the benefit of the officers of the Olympia company, or for any of them. In securing the forty-acre tract the Olympia company received all the land which the land company was disposed to lease to it at the time. Pergolios, in securing the lease, causing the Victory company to be organized and acquiring stock therein, under the evidence in the record, did not violate any specific duty that he owed to the Olympia company. *American Circular Loom Co. v. Wilson,* 198 Mass. 182, 84 N. E. 133; *Zeckendorf v. Steinfield,* 12 Ariz. 245, 100 Pac. 784; Fletcher, Cyclopedia of Corporation Law, vol. 4, § 2282.

The question to be determined was largely one of fact, and the trial court reached the correct conclusion.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.